# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GINA KOLAR, individually, and           )
IVAN KOLAR, individually and as         )
husband and wife,                       )
                                        )
                Plaintiffs,             )
                                        )
-vs-                                    )           Case No. CIV-20-0047-F
                                        )
NUVASIVE, INC., a Delaware              )
Corporation,                            )
                                        )
                Defendant.              )

## ORDER

The court has a duty to inquire into its own jurisdiction. <u>Tuck v. United Services Automobile Association</u>, 859 F.2d 842, 844 (10th Cir. 1988).

The complaint purports to base this court's subject matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. The complaint, however, fails to adequately set out facts in support of jurisdiction.

The complaint addresses the citizenship of the defendant, alleging that "Defendant, NuVasive, is, and at all times relevant to this action, was a resident and/or corporation with its principal place of residence and/or business in a state other than the State of Oklahoma." Doc. no. 1, ¶ 2. This allegation is insufficient for several reasons.

1. The "and/or" language is confusing. It is not clear whether the complaint is alleging that defendant is a corporation with its principal place of business in a state other than Oklahoma, or whether the complaint is alleging that defendant is a

resident, whose residence is in a state other than Oklahoma. Plaintiffs should delete the confusing "and/or" language as well as any inapplicable references to the defendant as a resident, whose residence is in a state other than Oklahoma.

2. The complaint must allege the specific state in which the defendant has its principal place of business. Merely alleging that defendant's principal place of business (or its state of incorporation) is in a state other than Oklahoma, is insufficient. *See*, <u>Simmons v. Rosenberg</u>, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state "other than" a named state is clearly insufficient to establish diversity jurisdiction; diversity must be alleged with detail and with certainty).

3. A corporation is a citizen of every state in which it has been incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, both must be alleged. Here, the complaint does not allege in which state defendant is incorporated. (The caption indicates that defendant is a Delaware corporation, but the caption is generally not considered a part of the pleader's statement of the claim.)

Plaintiffs, as the party invoking this court's jurisdiction, are **DIRECTED** to file a First Amended Complaint which clarifies the allegations relating to defendant's state(s) of citizenship and provides the missing jurisdictional information identified in this order.[1] The First Amended Complaint is **DUE** within

---

[1] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.

fourteen days of the date of this order.  Failure to comply may result in dismissal of this action without prejudice.

IT IS SO ORDERED this 16th day of January, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0047p001.docx